Petty *v.* Scott.

| 10  | 209 |
| 127 | 252 |

JETHRO PETTY, appellant, *v.* LYMAN SCOTT, appellee.

### *Appeal from Pike.*

The fact that a judgment, which had been read as evidence, is copied into a transcript sent up from the Circuit to the Supreme Court, does not make it a part of the record. It should appear in the bill of exceptions.

THIS case, brought by the appellee against the appellant, was heard before the Hon. Norman H. Purple, at the September term, 1848, of the Pike Circuit Court. Judgment for the plaintiff below. Defendant appealed.

The bill of exceptions taken at the trial did not purport to contain all the evidence before the Court, but it contained a recital that a judgment and execution was read in evidence without objection, neither of which was embodied in in the bill.

*C. A. Warren & O. C. Skinner,* for the appellant.

*W. Thomas,* for the appellee.

The clerk of the Pike Circuit Court has copied into the transcript of this case two records of judgments in that

Court, preceded by a statement that they were offered in evidence on the trial. This, however, does not make them a part of the record in this case. See *Corey* v. *Russell*, 3 Gilm. 366; *Saunders* v. *McCollins*, 4 Scam. 419.

The Opinion of the Court was delivered by

TREAT, C. J.    The bill of exceptions discloses this state of case. The plaintiff claimed title as purchaser at a sheriff's sale on an execution against the defendant. He read in evidence the judgment and execution, without objection. He then offered in evidence the sheriff's deed, which was objected to on the ground of a variance between the judgment read in evidence, and the judgment recited in the deed. The Court overruled the objection, and admitted the deed in evidence. That decision is assigned for error. The record of the judgment is not before us, and we cannot therefore determine whether there was a variance between it and the sheriff's deed. The clerk has copied a judgment into the transcript, but that, as this Court has repeatedly decided, does not make it a part of the record of the case. It should appear in the bill of exceptions. *Saunders* v. *McCollins*, 4 Scam. 419; *Corey* v. *Russell*, 3 Gilm. 366; *Edwards* v. *Patterson*, (*ante*, 126.)    There was no error in the other decisions of the Court.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*